U. S. DISTRICT COURT
VESTERN DISTRICT ARKANSA
FILED
JAN 2 8 2013
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:12CR20043-001 |
| | ) | |
| MIGUEL PARAMO | ) | |
| | ) | |

## PRELIMINARY ORDER OF FORFEITURE

On August 22, 2012, a Grand Jury sitting in the Western District of Arkansas returned eleven counts in the above captioned Indictment against the defendant, charging him with one count of conspiracy to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1); all in violation of Title 21 U.S.C. § 846; ten counts of distribution of methamphetamine, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and (b)(1)(A)(viii), and a forfeiture allegation.

In the forfeiture allegation of the Indictment, the United States seeks the forfeiture, pursuant to Title 18 U.S.C. § 982 and Title 21 U.S.C. § 853, of any property constituting or derived from proceeds obtained, directly or indirectly, as a result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offenses.

On January 28, 2012, defendant, Miguel Paramo, pleaded guilty to Count 11 charging him with possession of more than 50 grams of actual methamphetamine, a schedule II controlled substance, with the intent to distribute, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii).

In the forfeiture allegation of the Indictment, the United States seeks forfeiture, pursuant to



Title 18 U.S.C. § 982 and 21 U.S.C. § 853, of the property constituting or derived from proceeds obtained, directly or directly, as a result of the aforesaid offenses and any and all real and personal property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offenses listed.

Pursuant to a Plea Agreement entered into by the parties, the defendant has agreed to forfeit all right, title and interest to the following assets which are proceeds of the violations of 21 U.S.C. § 841 or used in manner or part to commit or facilitate commission of the said offense:

1. All real property together with buildings, appurtenances, improvements, fixtures, attachments and easements located at 411 Dallas Avenue in Mena, Arkansas; and

2. All real property together with buildings, appurtenances, improvements, fixtures, attachments and easements located at 797 Pine Street in Waldron, Arkansas,

both pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853.

Pursuant to the Plea Agreement, the defendant consents to the immediate entry of a Preliminary Order of Forfeiture upon entry of the guilty plea. The defendant further agrees that upon entry of the Preliminary Order of Forfeiture, such Order will be considered final as to defendant's interests in the properties. The defendant agrees to immediately withdraw any claims to properties seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States. The defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture processes. The defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the properties seized in connection with this case.

Pursuant to the Plea Agreement, the defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

Pursuant to the Plea Agreement, the defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with the Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant also agrees that the forfeiture provisions of the Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

Accordingly, it is hereby ORDERED, DECREED AND ADJUDGED:

1. That based upon the guilty plea of the defendant, the following assets shall be forfeited to the United States:

   (a)  All real property together with buildings, appurtenances, improvements, fixtures, attachments and easements located at 797 Pine Street in Waldron, Arkansas;

   (b)  All real property together with buildings, appurtenances, improvements, fixtures, attachments and easements located at 411 Dallas Avenue in Mena, Arkansas.

That such property is constituting or derived from proceeds obtained, directly or directly, in the count of conviction, and as real property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said illegal conduct giving rise to the forfeiture.

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this Order, the United States is authorized to seize any specific property that is subject to forfeiture as set forth herein in this Order and the Plea Agreement, to conduct any discovery the Court considers proper in identifying, locating or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.

4. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of this Order pursuant to Fed. R. Crim. P. 32.2(b)(6).

6. That upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(c), in which all interests will be addressed.

IT IS SO ORDERED this 2㏠ day of January, 2013.

_____
HONORABLE P.K. HOLMES
CHIEF UNITED STATES DISTRICT JUDGE

Reviewed and consented to by:

_____
Miguel Paramo, Defendant

_____
Mark Mobley, Counsel for Defendant

_____
Clay Fowlkes, Assistant U.S. Attorney

